UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZANNE TERRELL SUPPLE, et al.,

Plaintiffs,

v.

BLUECROSS BLUESHIELD OF
ILLINOIS, INCORPORATED,

Defendant.

No.  2:24-cv-01340-DAD-JDP

ORDER GRANTING DEFENDANT'S
REQUEST TO SEAL

(Doc. No. 24)

This matter is before the court on defendant's request to seal parts of the administrative record submitted in this action.  (Doc. No. 24.)  On August 1, 2025, defendant filed the pending request to seal.  (*Id.*)  In that request to seal, defendant seeks to seal documents which have been marked confidential by defendant, pertain to plaintiff Supple's medical history, or otherwise contain personal health information.  (*Id.* at 2.)  For the reasons below, the court will grant defendant's request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").  "Historically, courts have recognized a 'general right to inspect and copy public records and

1

documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever

/////

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

Defendant seeks to file certain portions of the medical record under seal which pertain to plaintiff Supple's medical history. (Doc. No. 24 at 2.) Defendant's request to seal does not pertain to documents attached to a pleading, whether dispositive or non-dispositive, but instead to documents appearing in the administrative record lodged with the court. In defendant's request to seal—which was emailed directly to the court pursuant to Local Rule 141(b)—defendant contends that there exist compelling reasons to seal the documents at issue in light of the private medical information contained therein. The court need not decide whether the compelling reasons or good cause standard applies because the court concludes that compelling reasons to grant defendant's request to seal have been demonstrated. *Herron v. Best Buy Stores, LP*, No. 2:12-cv-02103-GEB-CKD, 2015 WL 5734583, at *1 (E.D. Cal. Sept. 29, 2015) (holding that the court need not determine whether the good cause standard applies where the defendant had shown compelling reasons for redactions).

Defendant argues that the documents at issue contain medical information and other personally identifying information. It is generally accepted that there are compelling reasons to seal medical information. *See Chester v. King*, No. 1:16-cv-01257-DAD-GSA (PC), 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) ("[T]he need to protect medical privacy qualifies as a 'compelling reason' for sealing records."); *Rashidiasl v. MEP (ESIS/ARCH/CHUBB)*, No. 23-cv-

3

00325-GPC-DEB, 2025 WL 3241124, at *1 (S.D. Cal. Nov. 20, 2025) (noting that courts have at times *sua sponte* sealed medical information based on the compelling reason of medical privacy); *Dunsmore v. San Diego County Sheriff's Dep't*, No. 20-cv-00406-AJB-DDL, 2025 WL 605044, at *3 (S.D. Cal. Feb. 25, 2025) (finding compelling reasons to seal exhibits that make direct reference to medical records).  However, defendant's representation that the documents at issue contain social security numbers and addresses does not support its argument that the entire document need be sealed because it is required to redact that information under Local Rule 140. L.R. 140(a); *see also J.M. v. Red Roof Inns, Inc.*, No. 2:22-cv-00672-KJM-JDP, 2024 WL 3088708, at *2 (E.D. Cal. June 18, 2024) ("RRI is required to redact [social security numbers, dates of birth, and home addresses] from the documents before filing.  However, that some information is required to be redacted does not support sealing the documents in their entirety.").  Nevertheless, because defendant's request only seeks to seal documents which reference plaintiffs' medical history, the court concludes there are compelling reasons to seal the documents at issue.

For the reasons above,

1.      Defendant's request to seal (Doc. No. 24) is GRANTED; and,

2.      Within seven (7) days of the date of entry of this order, defendant shall file the portions of the administrative record addressed in this order and identified in its notice of request to seal (Doc. No. 24 at 2) under seal.

IT IS SO ORDERED.

Dated:   **March 16, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE